

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2007

# USA v. Conn

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1948

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Conn" (2007). *2007 Decisions.* Paper 1106.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1948

_____

UNITED STATES OF AMERICA

v.

ASHER CONN,

Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(03-cr-00004-1)
District Judge: Honorable Jerome B. Simandle

_____

Submitted pursuant to Third Circuit LAR 34.1(a)
April 24, 2007

Before: SCIRICA, Chief Judge, FUENTES and ALARCÓN,[*] Circuit Judges.

(Filed: May 15, 2007)

_____

[*] The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>.

On March 3, 2006, Asher Conn was sentenced to 120 months in prison for robbing a post office in violation of 18 U.S.C. § 2114(a). His attorney has moved to withdraw her representation pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that only frivolous issues can be presented on appeal. We will grant the <u>Anders</u> motion and affirm the sentence.

**I.**

On September 3, 2002, Asher Conn and an accomplice robbed a United States Post Office in Elizabeth, New Jersey. Conn was subsequently charged with robbing a person in lawful control of "mail matter" by the use of a dangerous weapon. 18 U.S.C. § 2114(a).[1] Conn pleaded guilty and was sentenced to 140 months in prison. In reaching this sentence, the District Court calculated a guideline range of 188 to 235 months, and granted a downward departure on account of Conn's extraordinary physical impairment. <u>See</u> U.S.S.G. § 5H1.4.[2] Conn appealed and this Court remanded in light of <u>United States</u>

---

[1] During the course of the robbery, Conn's accomplice was brandishing a ten- to twelve-inch knife.

[2] The District Court cited various illnesses that Conn has struggled with, including advanced AIDS, advanced liver disease, advanced psoriasis, Hepatitis B, and Hepatitis C. These conditions were predicted as likely to cause Mr. Conn's death in the near future.

v. Booker, 543 U.S. 220 (2005).  Upon re-sentencing, the District Court imposed a sentence of 120 months, reducing Conn's initial sentence in part because of his deteriorating health.  Conn appealed the sentence, but his attorney subsequently submitted a brief certifying that no non-frivolous issue could be presented.

## II.

In Anders v. California, 386 U.S. 738 (1967), "the Supreme Court established guidelines for a lawyer seeking to withdraw from a case when the indigent criminal defendant he represents wishes to pursue frivolous arguments on appeal."  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).  These guidelines are reflected in our local appellate rules, which provide that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to Anders."  3d Cir. LAR 109.2(a).  "If the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel."  Id.[3]

When faced with an Anders brief, we employ a two-step inquiry to determine whether an appeal is without merit.  First, we consider whether counsel's brief adequately fulfills the requirements of Local Appellate Rule 109.2(a).  Youla, 241 F.3d at 300.  To satisfy these requirements, the brief must demonstrate that counsel has "thoroughly

---

[3] The Rule allows a defendant to file a *pro se* brief in response.  Id.  Although Conn was notified of counsel's Anders motion, he has not filed any response.

examined the record in search of appealable issues," and must explain "why the issues are frivolous." Id. Second, we consider whether "an independent review of the record" presents any non-frivolous issues. Id. When an Anders brief is adequate under step one, "we confine our scrutiny to those portions of the record identified by [the brief]." Id. at 301.

In this case, Conn's appellate counsel has filed an adequate Anders brief, which demonstrates a thorough examination of the record on appeal. The brief carefully lays out the factual and procedural history of the case, and identifies two arguably meritorious issues for review. First, the brief addresses whether the District Court complied with various sentencing requirements of Federal Rule of Criminal Procedure 32. Second, the brief addresses whether the District Court meaningfully considered the sentencing factors laid out in 18 U.S.C. § 3553(a). The brief explains why these issues are frivolous, pointing out the relevant components of the District Court's sentencing hearing.

Our independent review of the record reveals that, as counsel has represented, neither issue identified has merit. The District Court conducted an appropriate sentencing hearing under Federal Rule of Criminal Procedure 32, and gave meaningful consideration to the sentencing factors articulated in § 3553(a). The procedures utilized by the District Court in reaching its sentence of 120 months give rise to no non-frivolous issues for appeal. Accordingly, we will grant counsel's Anders motion and affirm the judgment of the District Court.